IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-CR-309-GPG

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JEREMIAH ROBINSON,

       Defendant.

_____

## MOTION FOR COMPETENCY EVALUATION
_____

Jeremiah Robinson, through counsel, moves this Court to order that Mr.

Robinson be evaluated to determine whether he is mentally competent to proceed, as

that term is defined in 18 U.S.C. § 4241. Mr. Robinson requests that the Court order that,

unless impracticable, the evaluation be conducted by a local psychiatrist or

psychologist. In support of this motion, Mr. Robinson states the following:

**I.**    **Mr. Robinson's courtroom behavior and his interactions with defense counsel indicate that Mr. Robinson is suffering from a mental illness that renders him incompetent to proceed.**

Mr. Robinson has been charged by indictment with conspiracy to distribute and

possess with intent to distribute methamphetamine and fentanyl resulting in death and

distribution and possession with intent to distribute fentanyl resulting in death, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(vi), (b)(1)(B)(viii), and (b)(1)(C). (ECF 1).

At the hearing held on August 28, 2023, Mr. Robinson remained mute throughout the proceeding and failed to respond to or even acknowledge questions by the Court. Mr. Robinson's raised concerns about his inability to understand the proceedings against him, assist with his defense, and manifest appropriate courtroom behavior. Furthermore, based on privileged communications and interactions with Mr. Robinson, undersigned counsel has reason to believe that Mr. Robinson is suffering from a mental disease or defect that makes him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

## II.   The Court should order a competency evaluation at this time.

The Constitution prohibits the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *United States*

2

*v. Mackovich,* 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted); *see also Drope v. Missouri,*420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Deshazer,* 554 F.3d 1281, 1286 (10th Cir. 2009).

Before holding a competency hearing, a "court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). For the purpose of conducting such an examination, the Court may commit the defendant to be examined for a reasonable period, not to exceed 30 days, for placement in a suitable facility. 18 U.S.C. § 4247(b). Unless impracticable, the examination is to be conducted in the suitable facility closest to the court. *Id.*

Any period of delay resulting from "any examinations, to determine the mental competency . . . of the defendant" are excluded from computation of time by which trial must commence under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, "delay resulting from transportation of any defendant from another district . . . to and from places of examination" are excluded – but "any time consumed in excess of ten days . . . shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F); *see also United*

3

*States v. Tinklenberg*, 563 U.S. 647 (2011) (upholding dismissal of case where transportation for competency evaluation took 20 days and Government provided no justification for excess time).

In District of Colorado cases, defendants who are ordered to be evaluated under § 4241 are often sent to facilities outside the State of Colorado unless the Court specifies a local evaluator in its order. The evaluation process in those cases can take far longer than a local evaluation, and involve a great deal of travel.

### III.   Conclusion

There is reason to believe that Mr. Robinson is incompetent. Therefore, it is requested that the Court order he be evaluated for competency. Additionally, in order to assure that the examination will be conducted at the suitable facility closest to the Court, Mr. Robinson requests that the Court appoint a local competency evaluator.

Respectfully submitted,
VIRGINIA L. GRADY
Federal Public Defender

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeffrey K. Graves, Assistant United States Attorney
Jeffrey.Graves@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jeremiah Robinson (via U.S. Mail)

s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant